**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

JAN 26 2021

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| JESSE ALLRED, | No. 19-16770 |
| Plaintiff-Appellant, | D.C. No. 1:16-cv-01571-LJO-SAB |
| v. | |
| CALIFORNIA DEPARTMENT OF CORRECTIONS AND REHABILITATION; et al., | MEMORANDUM[*] |
| Defendants, | |
| and | |
| DUROY; et al., | |
| Defendants-Appellees. | |

Appeal from the United States District Court
for the Eastern District of California
Lawrence J. O'Neill, District Judge, Presiding

Submitted January 20, 2021[**]

Before:     McKEOWN, CALLAHAN, and BRESS, Circuit Judges.

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

California state prisoner Jesse Allred appeals pro se from the district court's summary judgment in his 42 U.S.C. § 1983 action alleging deliberate indifference to his serious medical needs. We have jurisdiction under 28 U.S.C. § 1291. We review de novo. *Toguchi v. Chung*, 391 F.3d 1051, 1056 (9th Cir. 2004). We affirm.

The district court properly granted summary judgment because Allred failed to raise a genuine dispute of material fact as to whether defendants were deliberately indifferent to his wrist fracture and whether he experienced significant harm as a result of any delay in treatment. *See id.* at 1060-61 (a prison official is deliberately indifferent only if he or she knows of and disregards an excessive risk to inmate health; medical malpractice, negligence or difference of opinion concerning the course of treatment does not amount to deliberate indifference); *Hallett v. Morgan*, 296 F.3d 732, 745 (9th Cir. 2002) (prisoner must show delay led to significant harm).

The district court did not abuse its discretion by denying Allred's discovery motion because Allred failed to demonstrate that the denial of discovery resulted in actual and substantial prejudice to him. *See Laub v. U.S. Dep't of Interior*, 342 F.3d 1080, 1084, 1093 (9th Cir. 2003) (setting forth standard of review and explaining that a district court's "decision to deny discovery will not be disturbed except upon the clearest showing that the denial of discovery result[ed] in actual

2                                                                                           19-16770

and substantial prejudice to the complaining litigant" (citation and internal quotation marks omitted)).

We reject as without merit Allred's contention that the district court applied an incorrect legal standard in granting summary judgment for the defendants.

Allred's motion to file an oversized brief (Docket Entry No. 21) is granted. The Clerk is instructed to file the reply brief submitted at Docket Entry No. 22.

**AFFIRMED.**

19-16770